MARINETTE PAPER COMPANY, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*May 16—June 10, 1947.*

For the appellant there was a brief by *Lehner & Lehner, Adolph P. Lehner,* and *Howard N. Lehner,* all of Oconto Falls, and oral argument by *Adolph P. Lehner* and *Howard N. Lehner.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ROSENBERRY, C. J.   The controversy in this case arises over an award by the Industrial Commission of a fifteen per cent penalty to the injured employee based upon the fact that the plaintiff had failed to comply with safety order No. 52 (b) of the Industrial Commission, which is as follows:

"Vertical feed rolls shall be guarded on the sides and in front by an inclosure extending to within one-half inch of the plane formed by the working edge of each roll.
"Horizontal feed rolls shall be inclosed by a cover over the top, front and open sides.   The lower edge of the cover shall come down to a point one-half inch above the plane level with the bottom edge of the roll."

According to the contention of the plaintiff, the claimant was employed at a converting machine forty feet long, extending from east to west; large rolls of paper were processed through the machine from the east or rear end forward westerly over a set of horizontal rolls until at the front or westerly end of the machine the paper emerged converted into toilet or tissue rolls.

The plaintiff contends that where the processed paper emerges from the rolls is the front of the roll.   The claimant was endeavoring to thread the paper, which had been broken, through what the plaintiff calls the back of the front set of rolls, and for that purpose reached into the machine to place the paper so that it would come in contact and be carried forward by the roll.   The front of the machine was guarded.   The plaintiff contends that this guarding was a compliance with the second part of order No. 52 (b), which requires the front of the *feed rolls* to be guarded and that particular clause makes no reference to the front of the machine.

After the accident, the plaintiff placed a guard over the rolls at the point where the claimant was injured. If the guard had been in place at the time of the accident, the claimant would have sustained no injury.

It will be noted that the second paragraph of order No. 52 (b) refers to feed rolls, not to the machine.

The undisputed evidence in this case discloses that the front of a horizontal roll such as the one in question is that side from which the paper being processed enters. There would be no possible object in requiring the back of the roll to be guarded because anything coming in contact with the back of the roll would be thrown out of the roll and not drawn in. Such being the case, it is obvious that an order requiring the place where paper emerges from the roll to be guarded would be absurd. The difficulty with plaintiff's contention is that it confuses front of the machine with front of the roll and the trial court correctly so held.

*By the Court.*—Judgment affirmed.